NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| IN RE PAULSBORO DERAILMENT CASES | Master Docket No. 13-784 (RBK/KMW)<br>(Doc. Nos. 89, 108, 137, 145, 149) |
| MARLO JOHNSON,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CONSOLIDATED RAIL CORPORATION, et al.<br><br>　　　　Defendants. | Civil No. 13-4569 (RBK/KMW)<br>(Doc. No. 9) |
| DOUGLAS A. DANIELS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CONSOLIDATED RAIL CORPORATION, et al.<br><br>　　　　Defendants. | Civil No. 13-4709 (RBK/KMW)<br>(Doc. No. 6) |
| RAYMOND KENNEDY,<br><br>　　　　Plaintiff | Civil No. 13-4322 (RBK/KMW)<br>(Doc. No. 8) |

1

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| CONSOLIDATED RAIL | : | |
| CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| LEN CLARK, | : | |
| | : | |
| Plaintiff | : | Civil No. 13-3935 (RBK/KMW) |
| | : | (Doc. No. 8) |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL | : | |
| CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| BRYAN EVERINGHAM, et al., | : | |
| | : | |
| Plaintiffs | : | Civil No. 13-3350 (RBK/KMW) |
| | : | (Doc. No. 9) |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL | : | |
| CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |

# **OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation ("Defendants") to dismiss the complaints of Marlo Johnson, Douglas A. Daniels, Raymond Kennedy, Len Clark, and Bryan

2

Everingham ("Plaintiffs")[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

For the reasons stated herein, Defendants' motion to dismiss in part is **GRANTED** in part, **DENIED** in part.

## I.     BACKGROUND

On the morning of November 30, 2012, a freight train derailed and plunged into the Mantua Creek in Paulsboro, New Jersey when the Paulsboro Bridge,[2] a railroad bridge spanning the creek, buckled and collapsed. Compl. at ¶ 9-23, Johnson v. Consol. Rail Corp., Civ. No. 13-4569. Six cars derailed and four became partially submerged in the creek. One of the derailed railcars released its cargo of vinyl chloride into the air and water. Id. at ¶ 19. As a result, the Borough of Paulsboro declared a state of emergency and a number of emergency response personnel were called to the scene.

Plaintiffs in these cases are members of law enforcement departments and other state and local government bodies who responded to the scene of the spill as part of their official duties. They allege that Defendants acted negligently and recklessly in their operation of the freight train and maintenance of the bridge. The bridge, which is designed as a "swing bridge," can be positioned to allow either water or rail traffic. Id. at ¶ 17. In order to permit rail traffic, the bridge must align and lock with the adjacent rails, which results in a green signal for approaching

---

[1] The five actions captioned in this opinion are among seventeen complaints consolidated for discovery and case management purposes onto a master docket. All five of these actions involve plaintiffs who responded to the scene in their official job capacities. Their respective complaints are nearly identical. For this reason, and because the Court discerned no substantive differences between the instant motions or the responses thereto among the five actions, and because Plaintiffs and Defendants are represented by the same Counsel in each action, the Court issues this joint opinion addressing the merits of the pending motions in all five matters. Because the Everingham complaint includes nine plaintiffs, this opinion does not name each plaintiff in that action, but when the term "Plaintiffs" is used in this opinion, all of those individuals are included.

[2] This case is consolidated onto a master docket for discovery purposes with a number of other actions related to the derailment described herein. The complaint in one of the other actions consolidated onto the Master Docket refers to the bridge as the "East Jefferson Street Bridge." Compl. at ¶ 20, Hamilton v. Consol. Rail Corp., Docket No. 13-3724.

trains. Id. at ¶ 18. When the bridge is not aligned and locked, a red signal appears. Id. Plaintiffs allege that the train proceeded across the bridge against a red signal and that shortly before the derailment, Defendants had been notified of deficient conditions relating to the operation of the bridge, but failed to correct the problems. Plaintiffs allege that they were each physically harmed as a result of the derailment and spill. Id. at ¶ 23, 27.

## II. LEGAL STANDARD

### A. Choice of Law

Because the Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, it must apply state substantive law and federal procedural law. Chaimberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000). The choice-of-law rules of the forum state control in this case. Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007). Under New Jersey choice-of-law principles, there is a presumption that the law of the place of injury governs, unless another state has a more significant relationship to the parties and the issues. P.V. ex rel. T.V. v. Camp Jaycee, 197 N.J. 132, 142-43 (2008). Here, the parties point to no state other than New Jersey whose law would potentially apply to this matter; accordingly, we assume, as the parties have, that New Jersey bears the most significant relationship to the issues now before the Court.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a

complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III. DISCUSSION

#### A. Negligence Claims

Defendants assert that Plaintiffs have not pled sufficient factual matter to state a claim for damages. The lawsuit filed by Plaintiffs allege negligence on the part of Defendants. In New Jersey, the elements of a cause of action for negligence are (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. Polzo v. County of Essex, 196 N.J. 569, 584 (2008).

At this stage, Plaintiffs have set forth a limited quantity of information about the nature and degree of damages that they allegedly suffered. The complaints state that a train carrying

5

vinyl chloride, a "potent human carcinogen," derailed and plunged into the creek. Compl. at ¶ 19-20, Daniels v. Consol. Rail Corp., Civ. No. 13-4709. They allege that vinyl chloride was released into the air, affecting persons near the scene of the accident. Id. at ¶ 25. Representative of the allegations in the complaints is an assertion that Plaintiff Daniels suffered "damages to his person." Id. at ¶ 27. The other complaints contain identical or nearly identical allegations.[3] While a Plaintiff must "plead sufficient factual matter" to state a plausible claim for relief, Iqbal, 556 U.S. at 677, he need not set forth "detailed factual allegations." Twombly, 550 U.S. at 555. The Court interprets the pleadings setting forth damage to the persons of Plaintiffs as claims for personal injuries allegedly resulting from the vinyl chloride spill. Defendants protest that Plaintiffs do not set forth the nature and degree of their personal injury claims in the complaint. However, any type of personal injury, in any degree, sustained by Plaintiffs, and proximately caused by a breach of a duty owed by Defendants to Plaintiffs would "plausibly give rise to a claim for relief." Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).

The cases that Defendants cite where complaints were dismissed for insufficient pleading as to damages are inapposite. See Fintech Consulting v. Clearvision Optical Co., 2013 WL 1845850 (D.N.J. Apr. 30, 2013); Tellabs, Inc. v. Makor Issues and Rights, Ltd, 551 U.S. 308 (2007). Fintech was a contract case where the court dismissed the Plaintiff's claim for tortious interference with a contract because the plaintiff did not identify "the kind or amount of damages" that it allegedly suffered as a result of the interference. Fintech, 2013 WL at *6. Tellabs upheld the dismissal of a securities fraud class action, and recited the standard that a complaint must give "fair notice" of what a plaintiff's claim is. Tellabs, 551 U.S. at 319. In this

---

[3] See, e.g., Compl. ¶ 27, Johnson v. Consol. Rail Corp., No. 13-4569; Compl. ¶ 27, Kennedy v. Consol. Rail Corp., No. 13-4322; Compl. ¶ 27, Clark v. Consol. Rail Corp., No. 13-3935; Compl. ¶ 36, Everingham v. Consol. Rail Corp., No. 13-3350.

case, Plaintiffs have given "fair notice" that the kind of damages they seek compensation for are personal bodily injuries.  Therefore, the Court finds that Plaintiffs have met the minimum pleading requirements to state a claim for negligence.  It will, of course, remain Plaintiffs' burden to prove the existence and extent of their injuries and to demonstrate that the injuries were caused by the chemical spill.

### B.  Strict Liability Claims

For the reasons stated in the Court's opinion of October 4, 2013 in Hamilton v. Consol. Rail Corp., No. 13-3724, Count III of each of the complaints, alleging Strict Liability, will be dismissed with prejudice.

### C.  Attorney's Fees

For the reasons stated in the Court's opinion of October 4, 2013 in Hamilton v. Consol. Rail Corp., No. 13-3724, Plaintiffs' requests for attorney's fees will be dismissed with prejudice.

### D.  Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant Plaintiff leave to amend the complaint unless it finds bad faith, undue delay, prejudice, or futility.  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In this case, it is apparent that adding additional allegations in an amended pleading in an attempt to revive the claims for strict liability and attorney's fees would be futile.  Thus, these claims will be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated herein, Defendants' motion is **GRANTED** as to Count III, and **DENIED** as to Counts I and II.  An appropriate order shall issue.

Dated: 10/9/13 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

8