<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| IN RE: PAULSBORO DERAILMENT CASES | : | Master Docket No. 13–0784 (RBK/KMW) |
| Bryan EVERINGHAM, et al., | : | Civil No. 13–3350 (Doc. No. 167) |
| Ryan RAGONE, et al., & | : | Civil No. 13–7410 (Doc. No. 138) |
| Marlo JOHNSON, | : | Civil No. 13–4569 (Doc. No. 148) |
| Plaintiffs, | : | **OPINION** |
| v. | : |  |
| CONSOLIDATED RAIL CORPORATION, et al., | : |  |
| Defendants. | : |  |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motions of Plaintiffs Bryan Everingham (Civil No. 13–3350, Doc. No. 167), Ryan Ragone (Civil No. 13–7410, Doc. No. 138), and Marlo Johnson (Civil No. 13–4569, Doc. No. 148) to extend the time to file their appeals pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). For the following reasons, Plaintiffs' Motions are **DENIED**.

On August 18, 2015, this Court granted summary judgment to Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc. and entered judgment against Plaintiffs. In opposing summary judgment, Plaintiffs had relied on the report of medical expert Dr. Robert Laumbach. *See* Aug. 18, 2015 Op. at 4. But after a *Daubert* hearing on August 6, 2015, this Court granted Defendants' motion to exclude Dr. Laumbach. *See*

1

Aug. 6, 2015 Order. Plaintiffs waived oral argument, and Plaintiffs' attorney did not appear at the *Daubert* hearing. *See* Letter from Matthew Weng, Esq. to Judge Robert B. Kugler, July 31, 2015 (Civil No. 13–0784, Doc. No. 914)*;* Minutes of Proceedings, Aug. 6, 2015 (Civil No. 13–0784, Doc. No. 917). Without a medical expert, Plaintiffs could not raise a genuine issue of material fact as to damages. *See* Aug. 18, 2015 Op. at 14.

Plaintiffs now seek to appeal the August 6, 2015 Order excluding Dr. Laumbach and the August 18, 2015 Order entering judgment in favor of Defendants and against Plaintiffs. In a civil case, notice of appeal generally must be filed "within thirty days after the entry of such judgment, order, or decree." 28 U.S.C. § 2107(a). *See also* Fed. R. App. P. 4(a)(1)(A). Plaintiffs had until September 17, 2015 to file a timely notice of appeal in this case. They failed to do so.

Plaintiffs' attorney scheduled settlement conferences with this Court on October 6, 2015. According to Plaintiffs, "[t]here was some confusion regarding [summary judgment], as Plaintiff's [sic] attorney believed that summary judgment was only partial and only against certain defendants." Pls.' Br. at 2. This Court showed Plaintiffs' attorney the August 18, 2015 Order and Opinion at the settlement conference, and only at that time "did he discover that summary judgment had been entered." *Id.*

If a party moves to extend the time to file a notice of appeal "no later than 30 days after the time prescribed in Rule 4(a) expires[,]" the Court may grant an extension upon that party's showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Plaintiffs filed these motions to extend the time to file appeals on October 6, 2015, within the time required by

Federal Rule of Appellate Procedure 4(a)(5)(A). Plaintiffs rightfully concede that there was no good cause for their delay.[1]  *See generally* Pls.' Br.

The Court therefore must determine whether Plaintiffs have demonstrated excusable neglect. To determine whether a party's neglect is "excusable," a court must "tak[e] account of all relevant circumstances surrounding the party's omission[]" and make an equitable determination. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). A court should grant an extension only in "limited and exceptional" circumstances because of "[t]he interest in finality and desire to avoid needless delay that underlie our rules and procedures[.]" *Joseph*, 651 F.3d at 355. A court must consider factors such as "the danger of prejudice to the [non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. This Court does not question Plaintiffs or Plaintiffs' attorney's good faith.

Plaintiffs filed these motions on October 6, 2015—19 days after the time prescribed by Rule 4(a)(1)(A) expired. Because the movant is required to make a Rule 4(a)(5)(A) motion no more than 30 days after the original time to appeal has lapsed, "the prejudice to the non-movant will often be negligible" and "delay always will be minimal in actual if not relative terms[.]" *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). A delay of 19 days is not insignificant, considering the requirements of Rule 4(a)(5)(A). It is unlikely, however, that this delay poses any great danger of prejudice to Defendants. But "the absence of any harm" does not

---

[1] To show good cause, a movant must demonstrate that he could not control the reason for delay. *See Joseph v. Hess Oil Virgin Island Corp.*, 651 F.3d 348, 356 (3d Cir. 2011). In contrast, a movant may show excusable neglect even if the movant was at fault and could control the reason for delay. *See id.* at 355.

3

mean "that the attorney's mistake was excusable." *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008).

Although "no one factor is dispositive[,]" *Kanoff v. Better Life Renting Corp.*, 350 Fed. Appx. 655, 657 (3d Cir. 2009), "the reason-for-delay factor will always be critical to the inquiry." *Lowry*, 211 F.3d at 463. A court may find excusable neglect if the movant's omission is the "result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *McCarty*, 528 F.3d at 544. Excusable delay is an "elastic concept"; however, "inadvertence, ignorance of the rules, or mistakes construing the rules" usually do not suffice. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

Plaintiffs' reason for the delay is that "[t]here were several motions filed on several different docket numbers," and "[i]n the midst of these motions, responses, and decisions, plaintiffs' attorney simply failed to realize summary judgment had been granted and that the clock on the timing of any appeals had started to run." Pls.' Br. at 4. Plaintiffs' attorney essentially failed to pay adequate attention to the docket or to carefully read this Court's August 18, 2015 Order and Opinion. This neglect is inexcusable. *See Two-Way Media LLC v. AT&T, Inc.*, 782 F.3d 1311, 1315 (Fed. Cir. 2015) ("[I]t is the responsibility of every attorney to read the substance of each order received from the court[.]"). To find otherwise "would only serve to condone and encourage carelessness and inattention to practice before the federal courts." *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 8 (1st Cir. 2001).

It is the duty of Plaintiffs' attorney to monitor his cases and meet the deadlines set by this Court's scheduling orders and the federal rules. Counsel's error was avoidable, and it was "readily foreseeable" that counsel could miss an important deadline if he was not diligent. *Cf.*

4

*Consol. Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 918–19 (3d Cir. 1987) ("[I]nadvertent misdirection of a notice of appeal" is "neither readily foreseeable nor capable of anticipation by counsel."). Plaintiffs' attorney admittedly received notice of this Court's August 18, 2015 Order and Opinion, *see* Pls.' Reply Br. at 1, which clearly granted summary judgment for Defendants and against Plaintiffs Everingham, Ragone, and Johnson. Because "extensions of the time to appeal are limited and exceptional," *Joseph*, 651 F.3d at 355, and Plaintiffs have failed to show good cause or excusable neglect, Plaintiffs' Motions are **DENIED**.

Dated:   11/23/2015                                   s/ Robert B. Kugler

                                                      ROBERT B. KUGLER

                                                      United States District Judge